Barrett Daffin Frappier Turner & Engel, LLP
610 West 5th Street, Suite 602
Austin, Texas 78701
(512) 477-0008

BDFTE No. 3710332

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 13-40543-BTR** |
| **JENIFFER LEE NAM** | § | |
| **KI WON NAM** | § | |
| | § | **CHAPTER 11** |
| **DEBTORS** | § | |

**AMENDED OBJECTION OF NATIONSTAR MORTGAGE, AS SERVICER FOR U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE BANC OF AMERICA FUNDING CORPORATION, 2008-FT1 TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2008-FT1, TO CONFIRMATION OF FIRST PLAN OF REORGANIZATION DATED AUGUST 28, 2013**

TO THE HONORABLE BRENDA T. RHOADES, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Nationstar Mortgage, as Servicer for U.S. Bank, National Association, as Trustee for the Holders of the Banc of America Funding Corporation, 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1 (“Nationstar”), a secured creditor of the estate and Class 5 claimant under the Debtors’ proposed First Plan of Reorganization Dated August 28, 2013 (the “Plan”), and files this *Amended Objection to Confirmation of First Plan of Reorganization Dated August 28, 2013,* and for cause would show the Court as follows:

1. On August 29, 2013, this Court entered its *Order Conditionally Approving Debtors’ Disclosure Statement; Fixing Time for Filing Acceptances or Rejections of Debtors’ Proposed Chapter 11 Plan of Reorganization and/or Objections to Confirmation of Proposed Plan and Setting Hearing to Consider Final Approval of Debtors’ Disclosure Statement and Confirmation of Debtors’ Proposed Chapter 11 Plan of Reorganization.* Under that order, the Court scheduled a hearing on confirmation of the Chapter 11 Plan (the “Plan”) on October 7, 2013.

2. On December 10, 2003, the Debtors executed a Promissory Note in the original principal amount of $159,000.00, payable to Bank of America, N.A. (the “Note”). The Note was subsequently

endorsed and transferred to Nationstar. The Note was secured by a Homestead Lien Contract and Deed of Trust of even date therewith (the “Deed of Trust”) granting the holder and owner of the note a lien on the real property described as:

> LOT 15, BLOCK 47, OF ROSEMEADE ADDITION, SECTION EIGHT, AN ADDITION TO THE CITY OF CARROLLTON, DENTON COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET B, PAGE 317, MAP RECORDS, DENTON COUNTY, TEXAS, more commonly known as 1503 Sunnyslope, Carrollton, Texas 75007-3929 (the “Real Property”).

3. The Real Property is Debtors’ primary residence and is listed and claimed exempt as homestead under the Texas Property Code in the Debtors’ schedules. No objection to the homestead exemption was timely filed in this case.

4. Bank of America, the predecessor in interest to Nationstar, is listed as a Class 5 claimant under the Plan, and the claim is listed as impaired.

5. The Plan impairs Nationstar’s claim and modifies the terms of the note and deed of trust by reamortizing the debt over a 30-year period with an interest rate of 3.25%, with the payments to be made in equal monthly payments on the first day of the month following the Effective Date of the Plan, effectively extending the current loan term. The Plan also reduces the interest rate on the claim from the 5.700% note rate to 3.25%. The Plan does not comply with 11 U.S.C. § 1123(b)(5) in that the Plan impermissibly modifies Nationstar’s claim which is secured by the Debtors’ homestead. Nationstar objects to the Plan on the basis that the Bankruptcy Code provisions prohibit such treatment of its claim.

6. Nationstar further objects to the Plan on the basis that it does not limit the number of notices which it is required to provide to Debtors in the event of default. Nationstar requests that this Court order the Plan modified to add the following language to the default provision of Paragraph 10.09:

> “In no event, however, shall Nationstar be required to send more than one (1) notice of default. In the event of subsequent default by the Debtors, Nationstar shall have all rights and remedies set forth in the Note and Deed of Trust or under the laws of the State of Texas.”

WHEREFORE, PREMISES CONSIDERED, Nationstar prays the Court deny confirmation of this plan and for such further relief to which it may show itself to be justly entitled.

Respectfully submitted,

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP

By: *<u>/s/ Steve Turner</u>*
Steve Turner
Texas Bar No. 20341700
610 West 5th Street, Suite 602
Austin, Texas 78701
Telephone: (512) 477-0008
Facsimile: (512) 477-1112
stevet@bdfgroup.com

ATTORNEYS FOR NATIONSTAR MORTGAGE

CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of September, 2013, a true and correct copy of the foregoing document was served upon the following parties via electronic means as listed on the Court's ECF noticing system or by regular first class mail.

Jeniffer Lee Nam
Ki Won Nam
1503 Sunnyslope
Carrollton, Texas 75007-3929
DEBTORS

Joyce Lindauer
Attorney at Law
8140 Walnut Hill Lane, Suite 301
Dallas, Texas 75231
ATTORNEY FOR DEBTORS

Marcus Salitore
Office of the U. S. Trustee
110 North College Avenue, Suite 300
Tyler, Texas 75702

20 LARGEST UNSECURED CREDITORS
[Docket No. 8]

PARTIES REQUESTING NOTICE PER ECF SYSTEM

*/s/ Steve Turner*
Steve Turner